IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
|---|---|---|
|  | : | NO. 09-462 |
| v. | : |  |
|  | : |  |
| ALEX WADE | : |  |

## MEMORANDUM

**SÁNCHEZ, J.**                                                                                                              **MARCH 29, 2010**

On July 14, 2009, Alex Wade was charged with one count of possession with intent to distribute five grams or more of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). On March 5, 2010, the government moved for a pre-trial ruling on the admissibility, under Federal Rule of Evidence 404, of evidence that: (1) on May 1, 2009, prior to the Wade's arrest, he sold and provided crack cocaine to Adam Hendricks and Kayla Ranier; and (2) prior to May 1, 2009, Wade sold and provided narcotics to Hendricks. For the following reasons, the government's motion will be grant in part and denied in part.

## BACKGROUND

On May 1, 2009, Philadelphia Police Officers Bernard Spain and Thomas O'Brien arrested Wade for possession with intent to distribute 27.23 grams of crack cocaine and possession of a firearm in furtherance of a drug trafficking crime. The officers found Wade in the backseat of a vehicle parked at the intersection of 17th Street and Westmoreland Street in Northwest Philadelphia. With him in the vehicle were Adam Hendricks, who was sitting in the driver's seat, and Kayla Ranier, who was in the front passenger seat. The government alleges that earlier on May 1, 2009, Wade had sold crack cocaine to Hendricks and Ranier. It further

alleges that prior to May 1, 2009, Wade had sold narcotics to Hendricks.

**DISCUSSION**

The government moves to admit evidence of Wade's prior drug trafficking on two bases. First, it argues that the evidence is "necessary to complete the story of the [charged] crime" and therefore admissible under *United States v. Gibbs*, 190 F.3d 188, 217 (3d Cir. 1999). Second, it argues that the evidence proves that Wade had knowledge of and/or intent to commit the crimes with which he was charged. The Court will address the arguments in turn.

The government argues first that a line of Third Circuit case law beginning with *United States v. Carter*, 401 F.2d 748, 749-50 (3d Cir. 1968), stands for the proposition that evidence of prior bad acts are admissible where "the [prior bad act] is logically connected with that charged, or where the [prior bad act] is so closely and inextricably a part of the history of the guilty act itself as to form part of the common scheme or plan of criminal action." *See Carter*, 401 F.2d at 749. Those cases, however, involve charges of conspiracy and therefore are inapplicable to the present case. *See United States v. Holck*, 398 F. Supp. 2d 338, 373 (E.D Pa. 2005) (quoting *United States v. Gibbs*, 190 F.3d 188, 217-18 (3d Cir. 1999) ("Rule 404(b), which proscribes the admission of evidence of other crimes when offered to prove bad character, does not apply to evidence of uncharged offenses committed by a defendant when those acts are intrinsic to the proof of the charged offense. Acts are intrinsic when they directly prove the charged conspiracy.").

Alternatively, the government argues that the evidence is admissible to show that Wade had knowledge and intent with respect to the drug distribution charge. Federal Rule of Evidence 404 provides:

> [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

The Third Circuit has held that the admissibility of "prior bad acts" is governed by four principles: (1) the evidence must have a proper purpose under Rule 404(b); (2) it must be relevant under Rule 402; (3) its probative value must outweigh its potential for unfair prejudicial effect under Rule 403; and (4) the Court must charge the jury to consider the evidence only for the limited purpose for which it is admitted.[1] *United States v. Vega*, 285 F3d 256, 261 (3d Cir. 2002).

The first and second prongs of the *Vega* analysis are satisfied here. The evidence of prior drug transactions between Wade on one hand and Hendricks and Ranier on the other tends to show that Wade had knowledge of the drugs found in his jacket. It also tends to show that Wade had the intent to sell those drugs.

The third prong of *Vega* requires the Court to decide whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Fed. R. Evid. 403. The evidence that, on May 1, 2009, Wade sold drugs to Hendricks and Ranier is admissible under Rule 403 because its probative value is substantial

---

[1] The Court intends to charge the jury appropriately. The fourth *Vega* prong is therefore satisfied.

3

and the corresponding level of unfair prejudice is low. As discussed above, it is probative because it tends to show Wade's knowledge of the drugs and his intent to sell them. It also tends to rebut a possible argument that the drugs found in Wade's possession were not his. Whatever unfair prejudice might result from the admission of the evidence will easily be cured by a cautionary instruction to the jury.

On the other hand, the evidence of uncharged drug deals prior to May 1, 2009, is inadmissible under Rule 403 because the probative value is substantially outweighed by the prejudicial effect of the evidence. In light of the Court's decision to admit evidence of the alleged prior drug transactions on May 1, 2009, any evidence of drug deals prior to that date would be needlessly cumulative. Additionally, the Court finds that such evidence is too attenuated from the present charged conduct to maintain much probative value. However, Wade may suffer unfair prejudice if the evidence is admitted because he may be forced to defend against those uncharged allegations or risk the possibility that the jury would be tempted to punish him for his prior conduct.

**CONCLUSION**

Evidence of a May 1, 2009 drug transaction between Wade and Hendricks and Ranier is relevant to show Wade's knowledge and intent. The probative value of such evidence outweighs its prejudicial effect. Accordingly, the government's motion will be granted and the evidence will be admitted. However, the government's motion will be denied with respect to evidence of drug transactions involving Wade prior to May 1, 2009. The unfair prejudicial effect of such evidence substantially outweighs its probative value.

An appropriate order follows.